1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RALPH MILAN, et al.,

　　　　　　Plaintiffs,

　　　v.

CLIF BAR & COMPANY,

　　　　　　Defendant.

Case No. 18-cv-02354-JD

**ORDER RE MOTIONS TO DISMISS AND STRIKE**

Re: Dkt. Nos. 19, 20

In this putative consumer class action, plaintiffs Ralph Milan, Sarah Aquino and Elizabeth Arnold have sued defendant Clif Bar & Company ("Clif") for Clif's Kid ZBars and "Classic" Clif Bars. Dkt. No. 1. Plaintiffs assert that Clif markets these bars "with labeling and packaging claims that convey a health and wellness message." *Id*. ¶ 2. They say these claims are "deceptive because they are incompatible with the dangers of the excessive sugar consumption to which the products contribute." *Id*. ¶ 3.

Plaintiffs allege that Clif has violated California's Unfair Competition Law, False Advertising Law, Consumer Legal Remedies Act, and Commercial Code sections on express warranty and the implied warranty of merchantability; as well as New York's Unfair and Deceptive Business Practices statute, False Advertising law, and Consolidated Laws sections on express warranty and the implied warranty of merchantability. *Id*. ¶¶ 218-82. They seek enjoin Clif from "using any challenged labeling or marketing claim that is found to be false, misleading, or unlawful," and order Clif to "conduct a corrective advertising campaign." *Id*. ¶ 283.

Clif has brought a motion to dismiss and a motion to strike. Dkt. Nos. 19, 20. The motions are denied.

**DISCUSSION**

I.      **MOTION TO DISMISS**

      A.      **Preemption**

Clif contends that express and conflict preemption bar plaintiffs' claims. In its view, plaintiffs' "attempt to regulate the Clif Bar products' labels and labeling falls squarely within [21 U.S.C. Section] 343(q) because they challenge 'healthy' statements on the label and labeling, and [they] seek to impose warnings[] directly contrary to FDA's determination that the amount of added sugars in a Clif Bar product is consistent with 'healthful dietary patterns.'" Dkt. No. 23 at 10; Dkt. No. 19-1 at 6-8.

These points are not well taken. To start, 21 United States Code Section 343-1(a)(4) expressly preempts "any requirement for nutrition labeling of food that is not identical to the requirement of section 343(q) of this title." Section 343(q) requires "nutrition information" on a food's "label or labeling" that includes such information as the serving size; the number of servings per container; the total number of calories derived from any source and derived from the total fat; and the amount of certain nutrients such as total fat, saturated fat, cholesterol, sodium, sugars and so on. But these provisions are of no moment here because plaintiffs are not challenging the nutrition information on the Clif bars' label or labeling that is mandated by Section 343(q). None of the statements plaintiffs are challenging appear in the "nutrition facts" boxes on the bars. *See* Dkt. No. 1 ¶¶ 123-60; Dkt. No. 21 at 19. Other courts have reached the same conclusion in similar circumstances. *See, e.g., Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1116 (N.D. Cal. 2010) ("Section 343(q) governs 'nutrition information' and discusses information that must be disclosed about certain nutrients in food products . . . principally in the nutrition box area").

It is also worth noting that Clif does not specify by statement which of plaintiffs' claims it is challenging as preempted under Section 343(q). At most, it alludes generally to "'healthy' statements on the label and labeling," Dkt. No. 23 at 10, but the complaint shows that the word "healthy" does not appear anywhere on Clif's packaging and plaintiffs do not assert Clif made that express representation. Dkt. No. 1 ¶¶ 123-60.

2

1    Nor are plaintiffs' claims preempted by the Food and Drug Administration's final rule

2    issued in May 2016, which set a Daily Reference Value "of 10 percent of total energy intake from

3    added sugars," and noted that "some added sugars can be included as part of a healthy dietary

4    pattern."  Food Labeling: Revision of the Nutrition and Supplement Facts Labels ("Final Rule"),

5    81 Fed. Reg. 33,742, 33,748, 33,829 (May 27, 2016); *see* Dkt. No. 19-1 at 7-8.  The Final Rule

6    does not conflict with or preempt plaintiffs' request that Clif be ordered to engage in a corrective

7    advertising campaign, or plaintiffs' theory of the case that Clif's health and wellness package

8    messaging was deceptive because of the bars' excessive sugar content.  While the Final Rule

9    declined to require warning labels or disclaimers for added sugar based on the FDA's "review of

10   the evidence," the rule also made clear that the FDA was "acting on the evidence that we currently

11   have available to us."  81 Fed. Reg. at 33,829, 33,840.  Similarly, while the rule did note that

12   "some added sugars *can* be included as part of a healthy dietary pattern," the rule also emphasized

13   that "the DRV for added sugars should not be viewed as a recommended amount for

14   consumption," and "[w]e also have scientific evidence to support limiting calories from added

15   sugars to *less than* 10 percent of calories."  *Id*. at 33,829, 33,840 (emphases added).  Taken

16   together, Clif has failed to identify any conflict between plaintiffs' claims and the Final Rule.

17        **B.    Article III injury**

18        As Clif acknowledges, plaintiffs allege that "they overpaid for the challenged products due

19   to Clif Bar's supposed deception," Dkt. No. 19-1 at 8, but it nevertheless argues that, "[i]f

20   plaintiffs cannot plead specifically how Clif Bar products contain excessive added sugar, then

21   there is no link to studies indicating a possible increased risk of disease, the 'healthy' aura product

22   claims were not deceptive, and plaintiffs suffered no cognizable injury."  *Id*. at 9; *see also* Dkt.

23   No. 23 at 7 ("plaintiffs cannot plead concrete injury if they cannot plead deception").  This is in

24   fact a challenge to the plausibility of plaintiffs' deception claims, not to plaintiffs' Article III

25   standing.  Plaintiffs' allegations of injury are sufficient to establish their standing to sue.

26        **C.    Sufficiency of Pleading**

27             **1.    "Excessive Added Sugar" Allegations**

28        Clif's main plausibility argument is that a "reasonable consumer would know that the

1    challenged products contained added sugars." Dkt. No. 19-1 at 11.  It relies heavily on its bars'

2    flavor names such as "Chocolate Chip," "Chocolate Brownie," "Iced Oatmeal Cookie" and

3    "S'mores." *Id*.  Clif also says that "the amount of added sugars in the Clif Bar products fall below

4    both the controlling FDA Daily Value for added sugars and the AHA [American Heart

5    Association] recommendations." *Id*.

6            Maybe so, but the motion to dismiss stage is not the place to decide these questions of fact.

7    *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Clif is alleged to have

8    marketed its bars using words and imagery designed to convey to consumers that the bars are

9    "healthy or are conducive to good health and physical well-being." *See*, *e.g.*, Dkt. No. 1 ¶ 129.

10   This marketing is alleged to have been deceptive because "as much as 37% of the calories in"

11   these products come from added sugar.  *Id*. ¶ 2.  The fact that this could theoretically be consistent

12   with the FDA's Daily Value and the AHA's daily recommendation for added sugars -- *if the*

13   *consumer ate very little else that day* -- is hardly a basis for kicking these claims out at the motion

14   to dismiss stage.  Plaintiffs have laid out in painstaking and voluminous detail how this substantial

15   percentage of added sugars in Clif's products can contribute to excessive sugar consumption,

16   which in turn has been linked to many diseases and detrimental health conditions.  *Id*. ¶¶ 14-113.

17   At this stage of the proceedings, the Court takes these allegations as true, and taken as such, the

18   Court concludes that plaintiffs have stated a claim and, "given the opportunity, . . . could plausibly

19   prove that a reasonable consumer would be deceived by" the Clif bars' packaging.  *Williams*, 552

20   F.3d at 940.

21                   **2.        Breach of Warranty Claims**

22           Clif seeks dismissal of plaintiffs' breach of express warranty claims on the basis that no

23   affirmative promise of healthiness was made and no such promise was breached.  Dkt. No. 19-1 at

24   13.  Again, Clif fails to undertake any product-by-product, statement-by-statement analysis of

25   plaintiffs' claims and only argues with the broadest brush that plaintiffs' "express warranty claim

26   is based on Clif Bar's alleged breach of a promise to provide 'healthy' products."  *Id*.  Clif's

27   arguments are as unpersuasive as they are vague.  Clif has failed to demonstrate why plaintiffs'

28   detailed allegations, *see* Dkt. No. 1 ¶¶ 124-60, have not established an affirmative promise of

                                                                4

1    healthiness, and as discussed above, plaintiffs have plausibly alleged that those promises of health

2    and wellness were breached due to the products' excessive sugar content.

3          For the implied warranty of merchantability, Clif argues that plaintiffs must plead "that the

4    Clif Bar products lack the most basic degree of fitness for ordinary use." Dkt. No. 19-1 at 13. But

5    that is not all that the implied warranty of merchantability protects, and that is not what is pled

6    here. The implied warranty of merchantability also requires that goods "conform to the promises

7    or affirmations of fact made on the container or label if any." Cal. Commercial Code § 2314(2)(f);

8    *see also* N.Y. Unif. Commercial Code § 2-314(2)(e)-(f) (requiring goods to be "adequately

9    contained, packaged, and labeled" and to "conform to the promises or affirmations of fact made on

10   the container or label if any"). These are the violations plaintiffs plead here, *see* Dkt. No. 1

11   ¶¶ 257, 280, and Clif has failed to identify any deficiency in their pleading.

### 3.      Claims Sounding in Fraud

13         Clif contends that for plaintiffs' UCL, FAL and CLRA claims under California law, they

14   have not pled injury and actual reliance with the specificity required by Federal Rule of Civil

15   Procedure 9(b). Dkt. No. 19-1 at 13-15. But plaintiffs have specifically alleged a list of the

16   packaging statements each recalls reading and relying on, prior to their purchases. Dkt. No. 1

17   ¶¶ 181 (plaintiff Milan), 184 (plaintiff Aquino), 187 (plaintiff Arnold). The complaint further

18   alleges that "plaintiffs would not have purchased the Clif Products if they knew that their labeling

19   claims were false and misleading in that the Products were not as healthy as represented but

20   actually harm health." *Id*. ¶ 194. These allegations are sufficient.

## II.     MOTION TO STRIKE

22         Clif has separately filed a motion to strike, making two arguments: that the Court "should

23   strike plaintiffs' nationwide class allegations, and strike any class allegations arising from the

24   express warranty claims from the complaint." Dkt. No. 20-1 at 2. As plaintiffs have pointed out,

25   Clif's argument that "[a]pplying California and New York consumer protection laws to a

26   nationwide class would violate due process," *id*. at 2, rests on a misunderstanding, as plaintiffs

27   have sought a nationwide class under California law only.

28

In any event, Clif's arguments are not appropriate on a 12(f) motion. Clif argues that a nationwide class cannot proceed because "the Court and the parties would have to make individual inquiries as to various state laws that materially differ on many elements. This would result in overwhelming individualized issues of law and fact, onerous and unnecessary discovery and expense, and would render class certification inappropriate under Rule 23(b)(3)." *Id*. at 5. Clif further argues that the express warranty claims are "improper for class treatment" because they "involve elements that are individual to each putative class member, such as reliance, the provision of notice, and an opportunity to cure." *Id*.

These are not proper arguments under Rule 12(f), which permits the Court to strike material from a pleading only if it is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Fed. R. Civ. P. 12(f); *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Clif's arguments here are not even directed towards any of those five permissible bases. Rather, Clif's motion appears to raise premature Rule 23 arguments that are not suited for resolution on a Rule 12(f) motion. *See id*. at 974 (12(f) motion should not have been granted where it was "really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit – actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion").

## CONCLUSION

Clif's motion to dismiss and motion to strike are denied. Dkt. Nos. 19, 20. The stay that was previously imposed, Dkt. No. 32, is lifted, and the Court will issue a scheduling order.

**IT IS SO ORDERED.**

Dated: August 20, 2019

_____

JAMES DONATO
United States District Judge

6