**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.2924 direct
cvangundy@sheppardmullin.com

File Number: 23HL-298173

May 11, 2020

**VIA ECF**
The Honorable James Donato
U.S. District Court – Courtroom 11
450 Golden Gate Avenue, 19th Floor
San Francisco, CA  94102

Re:   Milan v. Clif Bar & Co., No. 18-cv-02354-JD (N.D. Cal.), Opposition to Plaintiffs' Motion to Compel
        Supplemental Responses to Request for Production 26

Dear Judge Donato:

Pursuant to the Court's Order dated April 27, 2020 (Dkt. 62), Defendant Clif Bar & Company ("Clif Bar") respectfully submits this letter in response to Plaintiffs' Motion to Compel Supplemental Responses to Request for Production 26: "[f]or each ACCUSED PRODUCT, DOCUMENTS sufficient to show the product's exact formulation (i.e., including the exact amount of each ingredient in the product) during the CLASS PERIOD, including any changes thereto."  (Dkt. 57.)  Clif Bar objects to producing responsive documents because the request seeks "the exact amount" of every ingredient in every product, which information constitutes Clif Bar's highly confidential, proprietary and trade secret product formulations. Plaintiffs have offered no credible explanation for why this information is likely to lead to the discovery of admissible evidence.  Plaintiffs' request is harassment and the motion should be denied.

The gravamen of the Complaint is that *nutrition* claims like "Nutrition for Sustained Energy," "No High-Fructose Corn Syrup," and "Nourishing Kids in Motion" (all objectively true and not disputed by Plaintiffs) caused Plaintiffs to infer that the products are "healthy."  Compl., ¶¶ 128, 135, 157; Dkt. 1.  Plaintiffs assert that the product labels are misleading because the products are supposedly "unhealthy" due to allegedly high amounts of sugar, for which proposition they rely on the *amount of sugars disclosed on the product labels* in the "Nutrition Facts" panel.  *Id.*, ¶¶ 193-94.  Plaintiffs' request for the "exact amount" of each *ingredient* (not nutrient) is therefore completely irrelevant because all of the information for Plaintiffs' claims and Clif Bar's defenses is found on the challenged products' labels, including all ingredients listed in the order of predominance by weight, and the amount of nutrients such as sugars, protein, in short, all nutrition information required by federal law.

Nevertheless, Plaintiffs have not articulated one reason why they need to know the exact amount of ingredients such as brown rice syrup, organic rolled oats, and soy protein isolate, or any other ingredient beyond the information on the label.  It is undisputed that the product labeling correctly discloses the ingredients in the order of predominance by weight, *including grams of sugar*, in compliance with federal law.  *See* 21 C.F.R. § 101.9.  This is not a case about whether a certain ingredient is present, and there is no dispute as to the amount of sugars in the challenged products.

Plaintiffs contend that "[t]he formulation of the products is relevant to whether the challenged health and wellness claims are truthful and not misleading."  In support, Plaintiffs offer Clif Bar's arguments in its motion to dismiss that the challenged products are healthy because they "contain a variety of nutritious ingredients."  Dkt. 19-1 at 12.  However, Clif Bar did not rely on a specific formula or quantity of ingredients in making this argument, but rather, on the *nutrient* content claims on the front of the label and in the familiar "Nutrition Facts" on the back label.  That Clif Bar mentioned this information does not entitle Plaintiffs to the products' underlying trade secret formulas.  Plaintiffs' reliance on *Krommenhock v.*

**Sheppard**Mullin

Hon. James Donato
May 11, 2020
Page 2

*Post* is similarly inapposite.  Post's First Amendment arguments were based on "truthful information about specific ingredients and nutritional attributes" stated on the labels.  *Krommenhock v. Post Foods, LLC*, Case No. 16-cv-04958-WHO, 2020 WL 1139582, *9 (N.D. Cal. Mar. 9, 2020); *see generally* Post MSJ, Dkt. 163.

Clif Bar's product formulations are one of its most valuable assets and are indisputably protected trade secrets.  These formulations have never been disclosed publicly or in litigation, with or without a protective order.  Clif Bar has spent extensive time and resources over 30 years developing unique product formulations that have made it a leader in the energy/nutrition bar category.  Clif Bar has taken significant precautions to prevent their disclosure, such as strictly limiting the number of people who have access to the information to only those who need to know, and saving the formulations on a secure server.  Disclosure of Clif Bar's recipes would substantially harm Clif Bar because a competitor could replicate Clif Bar's unique taste, texture, and nutrition profile.[1]  Clif Bar's product formulations thus easily qualify as trade secrets.  *See* Cal. Civ. Code § 3426.1 (defining "trade secret" to include a formula).

Plaintiffs claim that the Protective Order (Dkt. 43) will protect these trade secrets, but the law requires more.  The Ninth Circuit has held that "a disclosure of trade secrets will be required only where such disclosure is relevant *and necessary* to the prosecution or defense of a particular case."  *Hartley Pen Co. v. U.S. Dist. Ct. for S. Dist. Cal.*, 287 F.2d 324, 330 (9th Cir. 1961) (emphasis added).  If the party seeking production does not "show *both* the relevance of the requested information *and* the need for the material in developing its case, there is no reason for the discovery request to be granted."  *AECOM Energy & Constr., Inc. v. Ripley*, 2018 WL 4705914, *3 (C.D. Cal. April 26, 2018) (emphasis added); *Hartley*, 287 F.2d at 331 (burden rests "upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure.").  This analysis applies even when there is a protective order in place.  *Monster Energy Co. v. Vital Pharm., Inc.*, 2019 U.S. Dist. LEXIS 228379, *6 (C.D. Cal. Oct. 16, 2019).

Plaintiffs have failed to meet their burden.  Plaintiffs do not dispute that Clif Bar's product formulas are trade secrets.  Clif Bar should not have to risk the substantial value of these trade secret assets when Plaintiffs' counsel cannot show relevance and necessity.

As to relevance, Plaintiffs contend that defendants will sometimes argue that variations in product formulations make class treatment improper.  Plaintiffs then claim that should Clif Bar make such an argument, they would need the product formulations to determine "whether subclasses may be appropriate for some products."  Plaintiffs' speculation is just that.  Clif Bar's defense is not based on its trade secret product formulas, but what is disclosed on the labels.  Moreover, Plaintiffs' cited cases do not support creating sub-classes on the basis of exact amounts of ingredients.  *See Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 3633177, *4 (S.D. Cal. Sept. 13, 2010) (discussing Rule 23 typicality for wage and hour claims); *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 610 (C.D. Cal. 2015) (same); *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (explaining differences among defendant's external drive models); *Rivera v. Bio Eng'red Supplements & Nutrition, Inc.*, 2008 WL 4906433, *3-4 (C.D. Cal. Nov. 13, 2008) (denying certification due to material differences in state laws); *Brown v. Abercrombie & Fitch Co.*, 2015 WL 9690357, *18 (C.D. Cal. July 16, 2015) (certifying sub-class on evidence of common employment practice).  Here, any defense based on product variation would go to whether the products Plaintiffs bought are "substantially similar" to the other

---

[1]     Clif Bar would be happy to file a declaration to support these facts if the Court allows it.

**SheppardMullin**

Hon. James Donato
May 11, 2020
Page 3

products they are challenging.  The information needed to make this determination is disclosed on the product labels.  Similarly, Plaintiffs' additional argument that "formulation consistency" is "relevant to whether class members can accurately 'recall whether they bought [the challenged product]'" is absurd.  The cases cited by Plaintiffs related to whether class members could sufficiently identify products purchased from information *on the label* due to rolling label changes.  *See Brown v. Hain Celestial Grp., Inc.*, 2014 WL 6483216, *10 (N.D. Cal. Nov. 18, 2014).  These issues were not impacted by the product formulations.

Plaintiffs seek to discover Clif Bar's most valuable assets because Clif Bar might raise a defense where this information would be necessary, but Plaintiffs articulate no such defense, and their conclusory assertions are insufficient under *Hartley Pen*, cited *supra*.  Plaintiffs cited *Nutrition Distrib. LLC v. PEP Research, LLC*, 2018 WL 1245052, *6 (S.D. Cal. Mar. 9, 2018) and *Clay v. Cytosport, Inc.*, 2016 WL 6082314, *7 (S.D. Cal. Oct. 18, 2016), but these are distinguishable and neither involved trade secret objections.  In *Nutrition*, defendants had *agreed* to produce formulas but then claimed the documents were lost.  *Id.*, *3.  There was no dispute over relevancy or trade secret status.  In *Clay*, the plaintiffs alleged that the products did not contain the quantity of protein advertised and that defendant falsely advertised that its products contained L-Glutamine.  *Id.*, *1.  The composition of the products was directly at issue and essential to the claims.  Here, Plaintiffs' claims against Clif Bar are based on the sugar content of the products.  Compl. ¶¶ 218-82, Dkt. 1.  Unlike in *Clay*, the declared sugar information is undisputed and none of Plaintiffs' claims or Clif Bar's defenses relies on specific ingredient quantities not otherwise disclosed on the labels.

Finally, Plaintiffs' proposed "compromises" to resolve this dispute are a red herring.  Plaintiffs asked Clif Bar to give up defenses unrelated to the product formulas, by stipulating for example, that Clif Bar "would not argue that the Clif bars' other ingredients render the challenged claims truthful or not misleading."  This goes far beyond Clif Bars' product formulations.  Were Clif Bar to agree to this proposal, Plaintiffs would argue that Clif Bar would be unable to mention that the products contain oats—an undisputed fact—which provides complex carbohydrates as nutrients to consumers, as reflected in the Nutrition Facts panel.  Whether the accurately disclosed carbohydrate *nutrient* was derived from two grams of oats or ten grams of the oats *ingredients*, has no bearing on the claims or defenses in this case.

In sum, Plaintiffs have challenged Clif Bar's products based on information present on the product labels.  Plaintiffs have failed to show that the precise quantity of the various ingredients to be relevant or necessary to establish any claim or defense.  Failing to carry their burden to compel disclosure of highly confidential and trade secret information, Plaintiffs' motion should be denied.

Respectfully submitted,

Christopher Van Gundy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Counsel for Defendant Clif Bar & Co.

SMRH:4810-7409-3244.2