UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MILAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLIF BAR & COMPANY, <br><br> Defendant. | Case No. 18-cv-02354-JD <br><br> **ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS AND SETTING DISCOVERY HEARING** <br><br> Re: Dkt. No. 46 |

In this putative consumer class action, plaintiffs Ralph Milan, Sarah Aquino and Elizabeth Arnold challenge the "health and wellness message[s]" on defendant Clif Bar & Company's "Kid Zbars" and "'Classic' Clif Bars." In plaintiffs' view, the messages are "deceptive because they are incompatible with the dangers of the excessive sugar consumption to which the Products contribute." Dkt. No. 1 ("Compl.") ¶¶ 2-3. The complaint alleges nine claims against Clif including a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and it seeks injunctive relief, a corrective advertising campaign, restitution and damages. *Id*. ¶ 283.

The Court denied Clif Bar's motion to dismiss because plaintiffs had "stated a claim and, 'given the opportunity, . . . could plausibly prove that a reasonable consumer would be deceived by' the Clif bars' packaging." Dkt. No. 37 at 4 (quoting *Williams v. Gerber Products Co.*, 552 F.3d 934, 940 (9th Cir. 2008)). Clif answered the complaint, and now moves for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on two grounds. Clif argues that (1) plaintiffs lack Article III standing for injunctive relief, and (2) the governing choice-of-law analysis does not permit application of California law to a nationwide class, as sought by plaintiffs. Dkt. No. 46. The motion is denied.

## DISCUSSION

I. **PLAINTIFFS' STANDING FOR INJUNCTIVE RELIEF**

Clif's standing challenge is limited to plaintiffs' request for injunctive relief, and it is based on the circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018). Dkt. No. 46 at 3-6. The point is not well taken.

To start, it is not at all clear why Clif Bar did not raise this during the prior motion to dismiss proceedings. *Davidson* was published in October 2017 and amended on May 9, 2018. That was before Clif Bar filed its motion on May 31, 2018, and before the hearing on the motion in August 2018. Dkt. Nos. 19, 32. There is no good reason why Clif Bar waited until now to take a stand on that case. In effect, it has given itself an improper successive motion to dismiss on arguments it could, and should, have asserted in its prior motion. This is questionable litigation conduct.

In any event, Clif Bar misreads the case. It says that *Davidson* set out "two tests for how a previously deceived plaintiff could allege a threat of future harm." Dkt. No. 46 at 3. It relies on the underlined language from *Davidson* for this proposition:

> It is an open question in this circuit to what extent a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief. With no guidance from our court, district courts applying California law have split dramatically on this issue.
>
> . . .
>
> We resolve this district court split in favor of plaintiffs seeking injunctive relief. We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. *Summers*, 555 U.S. at 493. Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. <u>In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.</u> *See, e.g., Ries*, 287 F.R.D. at 533. <u>In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.</u> Either way, we share one district court's

2

> sentiment that we are "not persuaded that injunctive relief is *never* available for a consumer who learns after purchasing a product that the label is false." *Duran v. Creek*, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016) (emphasis added).

*Davidson*, 889 F.3d at 967, 969-70 (some internal citations omitted).

This is not the teaching of a two-test method, as Clif Bar would have it. The Court provided the full context of Clif Bar's selective references because it shows that the circuit was simply offering two illustrations of how a plaintiff who has learned the hard way that a company's statements were deceptive can have standing under Article III to enjoin the deceptive practice. After resolving that issue by holding that "a previously deceived plaintiff may have standing to seek injunctive relief," the circuit turned to whether the plaintiff in that case had adequately alleged such standing. *Davidson*, 889 F.3d at 970-72. The circuit did not set out any definitive tests for that inquiry, and its conclusion that Davidson had "adequately alleged that she faces an imminent or actual threat of future harm due to Kimberly-Clark's false advertising," *id*. at 971, was not tethered to a "two test" analysis.

If anything, *Davidson* amply demonstrates that plaintiffs may pursue injunctive relief against Clif Bar. Clif Bar says that plaintiffs lack standing because they did "not allege any actual desire to purchase Products in the future, stating instead 'they would consider purchasing' them." Dkt. No. 46 at 4 (quoting Compl. ¶ 207). But this contention is based on another mischaracterization by Clif Bar, this time of the plain language in the complaint. The complaint expressly alleges that plaintiffs "continue to desire to purchase healthy nutrition bars, and continue to see the Clif Products when they shop"; plaintiffs "would purchase the challenged Clif Products in the future if they were in fact healthy"; and they "would likely purchase the challenged Clif Products if they could trust that the health and wellness claims were not false or misleading." Compl. ¶¶ 203-05. Why Clif Bar ignored this obvious language to make the argument it presses for judgement on the pleadings raises additional troubling concerns about its tactics.

Substantively, plaintiffs' allegations are indistinguishable from those upheld for injunctive relief in *Davidson*. *See* 889 F.3d at 970-71 ("Davidson alleged that she 'continues to desire to purchase wipes that are suitable for disposal in a household toilet'; 'would purchase truly flushable wipes manufactured by [Kimberly-Clark] if it were possible'; 'regularly visits stores . . .

3

1    where [Kimberly-Clark's] "flushable" wipes are sold'; and is continually presented with
2    Kimberly-Clark's flushable wipes packaging"). The additional statement in the complaint that
3    plaintiffs "would consider purchasing the Products in the future" does not make a lick of
4    difference to plaintiffs' express allegations that they would buy Clif Bar products again if the
5    company were honest in its health and wellness claims.

6        Clif Bar also suggests that plaintiffs cannot establish "a sufficient likelihood that [they]
7    will again be wronged in a similar way," *Davidson*, 889 F.3d at 971 (quoting *Lyons*, 461 U.S. at
8    111), because "Plaintiffs' new understandings regarding the impact of sugar on their bodies means
9    that they [now] know to review the Products' Nutrition Facts panel for the accurately declared
10   amounts of total and added sugars." Dkt. No. 46 at 5. In effect, this is a rather cynical application
11   of the old adage, "fool me once, shame on you; fool me twice, shame on me." The problem for
12   Clif Bar is that plaintiffs have called into plausible question all of its health and nutrition
13   representations, and have alleged that they "will be unable to trust the representations on the Clif
14   Products" absent an injunction. Compl. ¶ 205. Consequently, the Court declines at this pleadings
15   stage of the case to conclude that plaintiffs cannot, as a matter of law, ever be deceived again by
16   Clif Bar. *See Williams*, 552 F.3d at 939 (consumers should not "be expected to look beyond
17   misleading representations on the front of the box to discover the truth from the ingredient list in
18   small print on the side of the box.").

19       *Davidson* bolsters this result. On several occasions, the circuit cited with approval the
20   decision in *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012), which found
21   Article III standing for injunctive relief because the plaintiff had plausibly alleged that "she will be
22   unable to rely on the product's advertising or labeling in the future, and so will not purchase the
23   product although she would like to." *Davidson*, 889 F.3d at 969-70; *see also id*. at 971. As
24   *Davidson* states, the plaintiffs in *Ries* had alleged "that the defendants engaged in false advertising
25   by marketing their 'AriZona Iced Tea' beverages as 'All Natural' and '100% Natural' even though
26   the product contained the non-natural ingredients high fructose corn syrup and citric acid."
27   *Davidson*, 889 F.3d at 968. The *Ries* plaintiffs were allowed to seek an injunction against the "All
28   Natural" representations even though high fructose corn syrup and citric acid were listed on the

iced tea bottles' list of ingredients. *See Ries v. Arizona Beverages USA LLC*, Case No. 10-1139-RS (N.D. Cal.), Dkt. No. 1, Exs. A-C. *Davidson* favorably cites *Ries* as an example of a case in which a plaintiff, despite now knowing that a product's label was false at the time of purchase, still "could not rely on [the same] representation with any confidence" going forward and so had standing to seek injunctive relief. *See Davidson*, 889 F.3d at 971-72. So too, here. Defendant Clif cannot so easily thwart plaintiffs from seeking an injunction, which is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *Machlan v. Procter & Gamble Company*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015) (quoting *In re Tobacco II*, 46 Cal. 4th 298, 319 (2009)).

Clif Bar's effort to escape a potential injunction on the basis of an FDA rule is equally unavailing. Clif Bar says that it now "expressly call[s] out" added sugars in its Nutrition Facts panel, in compliance with an FDA Final Rule that went into effect January 1, 2020. Dkt. No. 46 at 5-6. This representation is extrinsic to the complaint and not properly cognizable in a pleadings motion. In addition, it goes to the merits of whether plaintiffs' request for injunctive relief should be granted, and if so, what the scope should be. The present issue of plaintiffs' standing to seek such relief in the first place is another matter altogether.[1]

## II.   APPLICATION OF CALIFORNIA LAW ON A NATIONWIDE CLASS

Clif Bar makes a second stab under *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), at barring plaintiffs from seeking to apply California law to a national class. Dkt. No. 46 at 6-15. It made the same argument in a motion to strike plaintiffs' nationwide class allegations under Rule 12(f). Dkt. No. 20. The Court denied the request as premature. Dkt. No. 37 at 6 ("Clif's motion appears to raise premature Rule 23 arguments that are not suited for resolution on a Rule 12(f) motion.").

Nothing has changed since then, and Clif Bar's renewed request is effectively an improper motion for reconsideration that is entirely unsupported by new facts or law. *See* Civil L.R. 7-9. The choice-of-law issue is best resolved in this case at the class certification stage. That is

---

[1] The unopposed request for judicial notice of the FDA Final Rule itself, as well as a district court order in another consumer deception case against Clif, is granted. Dkt. No. 47.

especially true now that class certification briefing is well underway, and plaintiffs have asked to reserve the choice-of-law analysis until a full record is presented with the certification motion. Dkt. No. 51. That request makes good sense and will be the procedure followed here.

## CONCLUSION

Judgment on the pleadings is denied. Dkt. No. 46. The Court sets a discovery hearing for October 22, 2020, at 2 p.m., to resolve all pending discovery disputes in this case. For all discovery dispute letters for which no response has yet been filed, the opposing side may file a response by October 15, 2020. The parties are directed to file updates to their previously-filed letters as appropriate, and they must jointly advise the Court if any of the discovery disputes have been resolved and no longer need the Court's attention. The discovery hearing will be held by Zoom webinar, and the Zoom information will be posted separately on the docket.

**IT IS SO ORDERED.**

Dated: September 28, 2020

JAMES DONATO
United States District Judge