UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  February 18, 2021                                    Judge:  Hon. James Donato

Time:  10 Minutes

Case No.       **3:18-cv-02354-JD**
Case Name      **Milan et al v. Clif Bar & Company**

Attorney(s) for Plaintiff(s):     Jack Fitzgerald
Attorney(s) for Defendant(s):     Christopher Van Gundy

Deputy Clerk:  Lisa R. Clark                                Court Reporter:  Marla Knox

PROCEEDINGS

Motion Hearing -- Held (by Zoom)

NOTES AND ORDERS

The motion for class certification is denied. Plaintiffs filed six expert declarations and nearly 300 exhibits in support of their class certification motion, Dkt. No. 76, but the declarations and exhibits are barely discussed at all in the key sections of plaintiffs' motion. The portion of plaintiffs' motion that addresses the Rule 23 factors is only 7.5 pages long, *see id*. at 18-25, and plaintiffs failed to cite in this cursory discussion the huge volume of exhibits they filed, or explain how those exhibits might relate to the Rule 23 requirements for certification. The Court declines to undertake the backbreaking task of sorting through plaintiffs' exhibits to determine whether certification is warranted. That is plaintiffs' burden to carry.

Plaintiffs have no automatic right to re-do the motion, but out of concern for undue prejudice to the putative class, the Court will permit plaintiffs to file a revised motion by February 25, 2021. The revised motion must be focused on the Rule 23 factors and should avoid repeating the lengthy and unnecessary recitation of merits-related evidence that took up most of the prior motion. Plaintiffs are also advised to proffer declarations and exhibits that are expressly related to the Rule 23 analysis. The Court will review only the exhibits and other supporting documents that plaintiffs use in their Rule 23 arguments, which should not exceed a reasonable amount.

The parties' proposed redactions in the class certification and summary judgment papers are excessive and overbroad, *see, e.g.,* Dkt. No. 77-5, and not consonant with the standards governing sealing requests, *see Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or the public's right of access to district court proceedings.

2

For the redacted documents on the ECF docket that are locked, *see*, *e.g.*, Dkt. Nos. 76 & 78, the parties must contact the Clerk's Office or the ECF Help Desk to ensure they are promptly unlocked, so that the public may access at least the redacted versions of the parties' filings. The parties are directed to do this by February 25, 2021, and to file by February 26, 2021, a joint statement reporting on the results.

Defendant's summary judgment motion, Dkt. No. 106, is denied for the reasons stated on the record.

In light of the denial of plaintiffs' class certification motion, defendant's *Daubert* motions as to plaintiffs' experts Gaskin and Weir, Dkt. Nos. 117 & 118, are terminated as moot. Defendants may renew those motions at a later time, as appropriate.

The parties' mediation deadline is extended to June 1, 2021.