SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHRISTOPHER VAN GUNDY, Cal. Bar No. 152359
SASCHA HENRY, Cal. Bar No. 191914
KHIRIN A. BUNKER, Cal. Bar No. 329314
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        cvangundy@sheppardmullin.com
              shenry@sheppardmullin.com
              kbunker@sheppardmullin.com

Attorneys for Defendant
CLIF BAR & COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RALPH MILAN, SARAH AQUINO, and ELIZABETH ARNOLD on behalf of themselves, those similarly situated and the general public,<br><br>Plaintiffs,<br><br> v.<br><br>CLIF BAR & COMPANY,<br><br>Defendant. | Case No. 18-cv-02354-JD<br><br>CLASS ACTION<br><br>**DEFENDANT CLIF BAR & COMPANY'S STATEMENT REGARDING NATIONWIDE CLASS SETTLEMENT**<br><br>Judge: Hon. James Donato<br><br>Complaint Filed: April 19, 2018 |

## I. INTRODUCTION

Defendant Clif Bar & Company ("Clif Bar") and Plaintiffs desire to settle this case on a nationwide class basis. However, in previous orders the Court required a ten-page statement explaining to the Court why a nationwide settlement class is appropriate here when the Court only certified California and New York state classes. Plaintiffs agree that a nationwide class is appropriate, and three California federal courts in "excess added sugars" cases involving virtually the same allegations (and same Plaintiffs' counsel) ultimately certified nationwide settlement classes even though previously they had certified only state classes.[1]

For the following reasons, Clif Bar respectfully submits this statement supporting the certification of a nationwide settlement class proposed by Plaintiffs in the prior motion for preliminary approval.

## II. PROCEDURAL BACKGROUND

During the hearing on September 1, 2022 regarding Plaintiffs' motion for preliminary approval (Dkt. No. 226), the Court expressed concerns regarding its authority to certify a nationwide class for the purposes of settlement when the Court had only certified two state classes, one for each Clif Bar product at issue. (Dkt. No. 234) (Sep. 1, 2022, Tr. 7:21-23, 25; 8:2-4.) Nevertheless, the Court graciously permitted further briefing on this issue, which the Court described as a "gatekeeper" issue. (*Id.*, Tr. 21-25). Plaintiffs' counsel attempted to back away from the filing of a statement on the nationwide settlement class issue only, but the Court made clear it wanted that statement, and wanted to consider the nationwide issue only, before addressing again any other settlement class issue. (Id., Tr. 17-23) ("**Mr. Joseph**: Maybe – I wasn't suggesting filing a separate statement. I was just saying that -- . **The Court**: No, I want that. **Mr. Joseph**: Okay. **The Court**: It would be a lot easier. I don't need to read the rest of your stuff if you can't get over that hurdle. **Mr. Joseph**: Okay.").

---

[1] *McMorrow v. Mondelez Int'l, Inc.*, 2021 WL 5417183 (S.D. Cal. Nov. 19, 2021) (granting preliminary approval to nationwide settlement class after having certified only California and New York classes); *Krommenhock v. Post Foods, LLC*, 2021 WL 2910205 (N.D. Cal. June 25, 2021) (granting final approval to nationwide settlement class after certifying only California classes); *Hadley v. Kellogg Sales Co.*, 2021 WL 5706967 (N.D. Cal. Nov. 23, 2021) (same).

SMRH:4859-0460-1147.1   CLIF BAR STATEMENT RE: NATIONWIDE SETTLEMENT

Accordingly, the Court ordered Plaintiffs' counsel to submit a "ten-page brief" explaining "why a nationwide class is appropriate in this case" if the parties still desired a nationwide settlement class (*Id.* Tr. 6:18-25).  The Court emphasized that this issue needed to be resolved before it would consider argument as to the other settlement class issues, such as notice.  (Id., Tr. 8:2-4) ("You got to get through that gate first.  If you don't, I don't need to burn the time reading 15 more pages about notice.").  After the hearing, the Court issued a minute order (Dkt. No. 232) that the statement on nationwide class settlement issues, and any new motion for preliminary approval, were to be filed by October 31, 2022.

In light of the Court's emphasis on the nationwide class gatekeeper issue, Clif Bar interpreted this minute order to mean that Plaintiffs should file the statement on a nationwide class first, obtain the Court's view on whether a nationwide class settlement was permitted, and then the parties could discuss any revisions to the settlement agreement followed by Plaintiffs' filing of a new motion for preliminary approval, by October 31, 2022.  However, after meeting and conferring with Plaintiffs' counsel, Clif Bar learned that although Plaintiffs (like Clif Bar) still desired a nationwide settlement class, Plaintiffs interpreted the minute order to mean that the parties would have to re-negotiate the settlement agreement and submit the statement on the nationwide class settlement issues at the same time as the new motion for preliminary approval.  In fact, Plaintiffs' counsel stated that they wanted to re-negotiate the dollar amount of the settlement upwards given the Court's doubts expressed at the hearing as to whether $10.5 million was sufficient for a nationwide class settlement.  (Tr., 4:7-13) ("**The Court:** Anyway, preliminary approval is disapproved.  You are going to have to go through the national class issue.  I need much better explanation about, if you do pursue a national class and get through all of those burdens, to persuade me of that.  I need to understand how this relatively small amount of money [$10.5 million] is going to compensate an entire national group of Clif Bar buyers for the last four years").

So the Court was clear that while it had doubts about the sufficiency of the monetary recovery for the proposed nationwide class, it emphasized that it wanted to resolve the nationwide issue first and *not* consider other settlement points, such as sufficiency of the monetary recovery.

Clif Bar does not believe the settlement amount or other concerns by the Court required a re-negotiation, and in any event Clif Bar could not re-negotiate any amount, if that was called for, without knowing whether it was negotiating for a nationwide class or not. Because it was clear the Court wanted the statement, and that Plaintiffs would not submit the statement without at least negotiating for more money for a nationwide class the Court may not approve, Clif Bar felt it was appropriate to provide the Court with this statement.

### III.     SUMMARY OF ARGUMENT

Clif Bar and Plaintiffs agree that a class settlement on a nationwide basis is appropriate here consistent with the Ninth Circuit decision cited by the Court at the September 1, 2022 hearing, *In re Hyundai & Kia Fuel Economy Litigation*, 926 F.3d 539 (9th Cir. 2019) (en banc) ("*Hyundai II*").  As explained below, under *Hyundai II*, while nationwide *litigation* classes present predominance and manageability concerns associated with applying the laws of various jurisdictions at trial, such concerns are not present in a settlement context.  Moreover, the other significant impediment to class certification – predominance in terms of uniform harm to class members – is not an issue in consumer fraud cases where the classes are narrowly drawn to involve only exposure to a uniform set of alleged misrepresentations.

In *Hyundai II*, the Ninth Circuit thus recognized an important distinction in the proper Rule 23 analysis of a nationwide class certified for the purposes of *litigation*, and one certified for purposes of *settlement*. As the court explained in *Hyundai II*, where a "class [i]s certified for litigation purposes[,] [t]he prospect of having to apply the separate laws of dozens of jurisdictions present[s] a significant issue for trial manageability, weighing against a predominance finding." *Id.* at 563; *accord Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 915 (2001) ("[T]he choice-of-law determination is of central importance to issues of predominance and manageability where certification of a nationwide class is sought."). "However, such manageability is not a concern in certifying a settlement class where, by definition, there will be no trial." *Hyundai II*, 926 F.3d at 556-57; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

For nationwide settlement classes, the Ninth Circuit further held that particular attention must be paid as to whether the proposed classes are narrowly drawn and are readily adaptable to a

nationwide class. *Hyundai II*, 926 F.3d at 557. Here, the proposed nationwide settlement class specifically excludes consumers who were not exposed to the challenged claims, (Dkt. No. 207, pp. 1-2.), and does not expand upon the state classes certified by the Court beyond extending recovery to claimants outside of California and New York. (Dkt. No. 226, pp. 10). As explained below, the Court's finding of commonality and predominance in consumers' exposure to the same challenged label claims on the state-wide level apply to consumers nationally as well.

## IV. BACKGROUND FACTS

Plaintiffs' Complaint included a request for certification of a nationwide class. (Dkt. No. 1 ¶ 4.) During the litigation, Clif Bar moved twice unsuccessfully to strike these nationwide class allegations under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) on the grounds that differences among state laws should prohibit certification of a nationwide class. (Dkt. Nos. 20, 37, 46, 102.) However, the Court denied Clif Bar's motions because the "choice-of-law issue is best resolved in this case at the class certification stage." (Dkt. No. 102, pp. 5.)

Perhaps recognizing the choice of law/manageability issues presented in the litigation context as a bar to a nationwide class, Plaintiffs only moved for certification of California and New York classes for each of the two Clif Bar products at issue, which motion (and state classes) the Court ultimately granted. (Dkt. Nos. 152, 207.) In reaching this decision, the Court explained in part that the elements of commonality and predominance for the class definition were met because "the challenged statements are discrete and few, and they were printed in the exact same language on the outer packaging and/or the individual bar wrapper for each Clif bar purchased by each class member." *Milan v. Clif Bar & Co.*, 340 F.R.D. 591, 600 (N.D. Cal. 2021). In its papers, Clif Bar had argued against this conclusion based on evidence that consumers do not interpret, for example, a challenged claim such as "Nutrition for Sustained Energy" to mean "healthy," the basis of Plaintiffs' fraud assertions.

However, given the Court's ruling on commonality/predominance, the expense and risks of trial, Clif Bar decided to settle, on a nationwide basis, after prolonged, arms'-length negotiation with Plaintiffs. At the hearing on Plaintiffs' motion for preliminary approval, the Court voiced concerns in certifying a nationwide class for settlement and requested that Plaintiffs' counsel "file

a ten-page brief saying, here's why a nationwide class is appropriate in this case." (Sep. 1, 2022, Tr. 6:22-25.) And the Court emphasized that it wanted to resolve the nationwide issue first via a statement on this issue before considering briefing on other class issues. (*Id.* 7:25-8:4.)

Following the hearing, the Court issued a minute order stating:

> Plaintiffs may file a renewed preliminary approval motion by October 31, 2022. If plaintiffs elect to renew their request for certification of a settlement class that is nationwide in scope, plaintiffs should file an additional, separate brief of up to 10 pages that addresses the propriety of a nationwide class in this context.

(Dkt. No. 232). In meeting and conferring, Plaintiffs' counsel expressed the view that by this order the Court intended the parties to renegotiate the settlement and file a new motion for preliminary approval together with the statement regarding a nationwide settlement class. In a meet and confer teleconference on October 4, 2022, Plaintiffs made clear they would not file the statement without renegotiating the settlement, and specifically, renegotiating a higher class monetary recovery; Clif Bar explained that it did not believe renegotiation was appropriate or practical given the Court's doubts about certifying a nationwide settlement class.

## V. THE COURT HERE CAN CERTIFY A NATIONWIDE CLASS FOR THE PURPOSES OF SETTLEMENT

### A. Conflict of Laws Issues Are Not a Bar To A Nationwide Settlement Class

The Ninth Circuit held in *Hyundai II* that it was proper for a district court to apply California's consumer protection laws to a nationwide settlement class. *Hyundai II*, 926 F.3d at 561-66. As the Ninth Circuit explained, "[s]ubject to constitutional limitations and the forum state's choice-of-law rules, a court adjudicating a multistate class is free to apply the substantive law of a single state to the entire class." *Id.* at 561 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 823 (1985)). "By default, California courts apply California law 'unless a *party litigant* timely invokes the law of a foreign state,' in which case it is 'the foreign law proponent' who must 'shoulder the burden of demonstrating that foreign law, rather than California law, should apply to the class claims.'" *Id.* (emphasis added) (quoting *Wash. Mut.*, 24 Cal. 4th at 919-921 (2001)).

Here, as in *Hyundai II*, "no party [has] argued that California's choice-of-law rules should not apply to this class *settlement* arising . . . in a California court." *See id.* (emphasis supplied).

Clif Bar previously sought to strike the nationwide *litigation* class based on *Mazza*, but as the Court in *Hyundai II* pointed out, *Mazza* is readily distinguishable in the settlement context. *Hyundai II, supra*, 926 F.3d at 563 ("The prospect of having to apply the separate laws of dozens of jurisdictions presented a significant issue for trial manageability, weighing against a predominance finding").

Clif Bar here does not oppose a nationwide settlement class governed by California law because trial manageability issues are not present here in the application of other states' laws, and because traditional choice-of-law litigation concerns in applying the laws of other states in California are not implicated by the settlement. Those choice-of-law concerns arise where the party objecting to the nationwide application of California law establishes material differences for the litigation in terms of "scienter," "reliance" and "remedies," and individual states' interests in adjudicating "liability" where the wrong occurred within their borders. *Freedline v. O Organics*, 2020 WL 6290352, at *2 (N.D. Cal. Oct. 27, 2020). These choice-of-law considerations concern questions of predominance in adjudicating liability and remedies in the litigation context, and are not present in the case of settlement particularly where, as explained below, the Court here already has found what has been described as "'a common course of conduct by [a] defendant' that can establish predominance." *Jabbari v. Farmer*, 965 F.3d 1001, 1007 (9th Cir. 2020) (citing *Hyundai II, supra*, at 559) ("*Hyundai* [*II*] dictates that, as a general rule, a district court does not commit legal error by not conducting a choice-of-law analysis, despite variations in state law, before determining that common issues predominate for a settlement class").

**B.     The Proposed Nationwide Class Definition Is Appropriate**

Although courts need not consider manageability at trial when evaluating predominance for settlement purposes, "in deciding whether to certify a settlement class, a district court must give heightened attention to the definition of the class or subclasses," and "'block[] unwarranted or overbroad class definitions.'" *Hyundai II*, 926 F.3d at 557 (citing and quoting *Amchem*, 521 U.S. at 620). This is "chief[ly]" to avoid "the risk of collusion" attendant to the settlement of a class action. *See id.* at 557-8 ("These concerns warrant special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of

the settlement, or when the class receives no money distribution but class counsel are amply rewarded") (none of those signs of potential collusion are present here since Plaintiffs' counsel seek approximately one-third of the settlement).  In giving the settlement class definition "'undiluted, even heightened attention' . . . . [t]he focus is 'on whether a proposed class has sufficient unity so that absent class members can fairly be bound by decisions of class representatives.'" *Id.* (quoting *Amchem*, 521 U.S. at 620, 621).

"In many consumer fraud cases, the crux of each consumer's claim is that a company's mass marketing efforts, common to all consumers, misrepresented the company's product," so that a "cohesive group of individuals suffered the same harm in the same way because of the [defendant's] alleged conduct." *Hyundai II,* at 559.  Because of this, the Supreme Court has "recognized that predominance is 'readily met' in cases alleging consumer fraud . . . ." *Id.* (quoting *Amchem*, 521 U.S. at 625).  This reasoning "applies with even greater force . . . where"—as here—"the class claims turn on the [defendant's] common course of conduct . . . . " *See id.* at 563-64.

Here, the proposed class definition easily meets this test of a cohesive class based on the Court's finding of predominance because, as the Court ruled, all proposed settlement class members saw the same alleged misrepresentations.  The settlement class is defined as:

> All persons in the United States who, between April 19, 2014 and June 23, 2022 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products identified in the Settlement Agreement, namely original Clif Bars in packaging stating "Nutrition for Sustained Energy," and Clif Kid ZBars in packaging bearing the Challenged Claims (as identified in the Complaint in the Action).

(Dkt. 226).  The proposed definition of the nationwide settlement class is based on a common course of conduct, namely, uniform exposure to specific claims that allegedly harmed the same consumers in the same way via payment of a price premium.  *Hyundai II*, 926 F.3d at 559 ("class members were exposed to uniform fuel-economy misrepresentations and suffered identical injuries within only a small range of damages" and that "no material conflicts existed among class members").  This nationwide settlement class definition is consistent with the Court's finding that the challenged claims were "discrete and few," "printed in the exact same language on the outer

packaging . . . for each Clif bar purchased by each class member," because it involves the same consumer exposure to the same label challenged claims and products for which the Court found predominance for California and New York classes.

Put another way, because the Court's conclusion as to predominance and exposure to the allegedly deceptive statements applies with equal force to a nationwide class as to state classes (same wrappers and claims), predominance of uniform harm to a nationwide class is not an impediment here to a nationwide class settlement. Clif Bar disputed this conclusion at the class certification stage, but the Court disagreed. Thus, given the Court's ruling regarding the wrappers and allegedly deceptive statements, the proposed nationwide settlement class meets the predominance requirements of Rule 23 and the *Hyundai II* test for a nationwide settlement class.

Following *Hyundai II*, district courts in the Ninth Circuit have routinely certified nationwide classes involving California's consumer protection statutes for the purposes of settlement (having previously certified only state classes with named plaintiffs in the context of the litigation). In addition to the other "excess added sugars" cases previously mentioned, *see supra* at 1 n.1, numerous other district courts have reached the same results, all decided pursuant to *Hyundai II*. *See e.g.*, *Schneider v. Chipotle Mexican Grill, Inc.*, 2020 WL 511953, at *2, *5-6 & n.5 (N.D. Cal. Jan. 31, 2020) (after having certified California, Maryland, and New York classes for litigation, making inquiry into "whether the Settlement Class, now a nationwide class, still satisfies the predominance requirement"; concluding predominance was satisfied "because the Settlement Class Members were exposed to uniform representations concerning Chipotle's non-GMO claims and suffered the same injuries"; and noting that, under *Hyundai II*, "the Court at this stage need not analyze whether any differences in state laws prevent provisional class certification"); *Smith v. Keurig Green Mtn., Inc.*, 2022 WL 2644105, at *4, *6 n.1 (N.D. Cal. July 8, 2022) (granting preliminary approval of nationwide class and explaining that "the material difference is that the parties seek to certify a nationwide class, while the previously certified class consists of those who purchased the Product in California" but that "the Court at this stage need not analyze whether any differences in state laws prevent provisional class certification"); *Kaupelis v. Harbor Freight Tools*, 2021 WL 4816833, at *7 (C.D. Cal. Aug. 11, 2021) ("[t]his

concern [conflicts of laws] need not be considered here, where the Court is only inquiring into whether the proposed classes are sufficiently cohesive and warranted to justify settlement. Here . . . there are no material conflicts among class members. Settlement Class Members allege a common cause of action: that Harbor Freight breached warranties and misled consumers by selling allegedly defective chainsaws. . . . ); *see also Hameed-Bolden v. Forever 21 Retail, Inc.*, 2021 WL 5107729, at *2 n.4 (C.D. Cal. Sept. 27, 2021); *Broomfield v. Craft Brew Alliance, Inc.*, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) (same); *see also Newberg on Class Actions* § 4:63 (5th ed. 2018) ("Courts . . . regularly certify settlement classes that might not have been certifiable for trial purposes because of manageability concerns"). And here, the Court did not opine on the merits of a nationwide class in the litigation context because Plaintiffs only moved for certification of California and New York classes regarding the two products at issue.

Moreover, in certifying a nationwide class for settlement, the Court may borrow from its prior class certification analysis in determining whether a proposed nationwide settlement met the other elements for Rule 23. *See, e.g.*, *Schneider*, 2020 WL 511953, at *5 (where the only difference between the classes certified in litigation and those certified for settlement was a nationwide class, the court found "that its prior analysis under Rule 23(a) also applies to the Settlement Class, and thus incorporates its previous analysis as set forth in the order certifying the classes . . . [a]s for Rule 23(b), the significant inquiry is whether the Settlement Class, now a nationwide class, still satisfies the predominance requirement"). Here, the Court previously held that each of the necessary Rule 23(a) and 23(b) factors were met in its order on Plaintiffs' renewed motion for class certification:

- Numerosity (23(a)(1)) was uncontested (*Milan v. Clif Bar & Co.*, 340 F.R.D. 591, 597 (N.D. Cal. 2021);

- Typicality and adequacy (23(a)(3)-(4)) were held to be established by the allegations that plaintiffs and the classes were misled (*Id.* at 597 ("Plaintiffs say that they, like all other proposed class members, 'would not have purchased the Clif Products if they knew that their labeling claims were false and misleading in that the Products were not as healthy as represented but actually harm health'"));

- Commonality and predominance (23(a)(2) and (23(b)(3)) were found to be met because "the challenged statements are discrete and few, and they were printed in

the exact same language on the outer packaging and/or the individual bar wrapper for each Clif bar purchased by each class member" (*Id.* at 600); and

- Superiority (23(b)(3)) was found to be met because "[t]here can be no doubt here that a class is the superior method of handling these consumer claims. The bars at issue here cost no more than a few dollars per bar [. . .] and it is not likely for class members to recover large amounts individually if they prevailed" (*Id.* at 602).

Consistent with *Hyundai II*, each of these above findings in the Court's order on Plaintiffs' motion for class certification are applicable to a nationwide settlement class.

The Court thus may properly certify a nationwide class for settlement without engaging in the rigorous class certification analysis required in litigation, including the choice of law analysis required by *Mazza,* 666 F.3d 581 (9th Cir. 2012). And even though the Court made its commonality and predominance findings for California and New York, as previously explained, the same reasoning applies here because consumers across the nation saw the same "discrete and few" challenged statements, "printed in the exact same language on the outer packaging and/or the individual bar wrapper for each Clif bar purchased by each class member."

In sum, this is a case involving alleged consumer fraud nationwide based on identical exposure to the same, few and discrete, challenged claims on the labels, according to the Court's prior ruling on litigation state classes. Clif Bar opposed class certification for litigation purposes prior to certification of the California and New York classes. But for settlement purposes only, and given the Court's certification ruling, a nationwide settlement class is appropriate because there are no manageability issues of varying and conflicting state laws, and the classes are narrowly drawn such that there is a cohesive settlement class.

## VI. CONCLUSION

For the foregoing reasons, respectfully, the Court should find that a nationwide class settlement is appropriate for this case.

Dated: October 26, 2022         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Christopher Van Gundy*
        CHRISTOPHER VAN GUNDY
        Attorneys for Defendant
        CLIF BAR & COMPANY