Scott Dodson
3286 Sweet Dr.
Lafayette, CA 94549
925-285-1445
dodson@alumni.duke.edu

October 18, 2024

FILED

OCT 21 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Class Action Clerk
United States District Court for the Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489

RE:   Objection to Settlement in Milan v. Clif Bar & Co., No. 18-cv-2354-JD (N.D. Cal.)

Dear Class Action Clerk:

I state under oath that I am a class member in the above-captioned case. I file this objection to the settlement on behalf of myself and all other similarly situated class members, and I request to be heard at the approval hearing.

## Summary

Class Counsel has provided insufficient detail to justify the selection of the Resnick Center for Food Law and Policy or the Tufts University Friedman School of Nutrition Science & Policy as *cy pres* recipients. The Court should therefore decline to approve the settlement until (1) Class Counsel justifies those *cy pres* recipients, (2) the parties disavow distribution to those recipients, or (3) the Court disapproves of them.

## Background

I am a law professor at the University of California College of the Law, San Francisco, where I teach and write about federal civil procedure, including class actions. I have written numerous articles about class actions and have testified regarding the approval of class actions in federal court. I also am a coauthor, along with Stanford Law Professor Joe Grundfest, of the article *Missing Millions*, and I am a coauthor, along with attorney Brandon Prince and retired Judge Vaughn Walker, of the white paper *Preliminary Report on Class-Action Settlements in the Northern District of California*. However, I file this objection solely in my individual capacity as a class member in this case. No attorney represents me, and I have not sold or transferred my right to recovery in this case.

This class action is founded on claims that a food label fraudulently misrepresented the healthiness of that food. Section 2.19 of the settlement agreement states:

"Cy Pres Recipients" means (i) the Resnick Center for Food Law and Policy at the University of California, Los Angeles, School of Law, and (ii) Tufts University Friedman

School of Nutrition Science & Policy, or, if not approved by the Court, one or more other Court-approved sectarian, not-for-profit organizations whose work is sufficiently tethered to the allegations in this Action.

None of the court filings in this case appears to offer justification for either of the named entities as appropriate *cy pres* recipients.

## Basis for the Objection

The proposed settlement and supporting documents do not sufficiently justify the named entities as appropriate *cy pres* recipients. The Court should therefore withhold settlement approval until that justification is submitted or the recipients are removed from consideration.

### A. Class counsel's duties to the class extend to settlement provisions and settlement administration.

Throughout the lifespan of the class action, and through the settlement process, the class is the party to the action and the client of class counsel. *See* Fed. R. Civ. P. 23 (referring to a certified class as the party to the action). Class counsel represents the class as a whole, not individual class members or their named representatives, and that representation imposes a duty on class counsel to fairly and adequately represent the interests of the class as a whole. *See* Fed. R. Civ. P. 23(g)(4). The court also has independent obligations to ensure the adequate and fair representation of the class, especially at the settlement stage. *See* Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997); Kim v. Allison, 8 F.4th 1170, 1178 (9th Cir. 2021) ("The district court must act as a fiduciary, protecting the interests of absent class members by scrutinizing the settlement's fairness in light of the well-established factors."). Thus, all provisions in the settlement and plan of allocation must be scrutinized to ensure that they adequately and fairly further the interests of the class as a whole.

### B. Class counsel's duty to provide for appropriate distribution of settlement-fund residuals requires justifying an appropriate cy pres recipient.

Residuals in class actions are pervasive, and the settlement plan for distributing those residuals must further the interests of the class. The American Law Institute favors distributing residuals on a pro rata basis to claimant class members. *ALI Principles of the Law of Aggregate Litigation* § 3.07. But when that method is prohibitively expensive or difficult logistically, a *cy pres* distribution is commonplace. *See* Rhonda Wasserman, *Cy Pre in Class Action Settlements*, 88 S. CAL. L. REV. 97 (2014). The theory of *cy pres*, which is shorthand for a Norman phrase that means "as near as possible," is that distribution of a settlement residual to the entity who best can use the money to further the interests of the class is a fair and equitable distribution of the class's residual funds. *Id.* at 117.

*Cy pres* distributions present two problems. One is that class-recovery funds may be given to a third party who does not best represent the interests of the class. In that case, the distribution is an unjustified diversion of the class's recovery. *See* Martin H. Redish et al., *Cy Pres Relief and the Pathologies of the Modern Class Action: A Normative and Empirical Analysis*, 62 FLA. L. REV.

617, 644–47 (2010); *cf.* Adam Liptak, *Doling Out Other People's Money*, N.Y. TIMES, Nov. 26, 2007, at A14 (reporting that "judges are turning into grant administrators" by "doling out leftover class-action settlement money, sometimes to organizations only tangentially related to the subject of the lawsuit"). Thus, the Ninth Circuit has rejected *cy pres* distributions to otherwise worthy charitable organizations, such as food banks, when those organizations did not represent the *legal* interests of the class. *E.g.*, Dennis v. Kellogg Co., 697 F.3d 858, 867 (9th Cir. 2012).

The other is that the *cy pres* recipient may present a risk of a conflict of interest because of connections to the court, counsel, or settlement administrator. The appearance of a conflict raises the risk that the *cy pres* recipient was selected not because it would best represent the interests of the class but because of its relationship with one or more of the legal actors. The appearance of a conflict also damages public confidence in the civil-justice system's neutrality and impartiality. *See* JOHN H. BEISNER ET AL., CY PRES: A NOT SO CHARITABLE CONTRIBUTION TO CLASS ACTION PRACTICE 13–14 (2010). For that reason, the Ninth Circuit has directed courts to scrutinize *cy pres* recipients for conflicts of interest. *See, e.g.*, Nachshin v. AOL, LLC, 663 F.3d 1034, 1041 (9th Cir. 2011). The *ALI Principles* also counsel rejecting a recipient with "any significant prior affiliation" that "would raise substantial questions about whether the selection of the recipient was made on the merits." *ALI Principles* § 3.07.

These are not merely theoretical concerns. One recent study showed significant evidence of widespread improper selection of *cy pres* recipients, either because of conflicts of interest or because of failure to meet the "next best" standard. *See* Scott Dodson & Joseph A. Grundfest, *The Missing Millions: Cy Pres in Federal Securities Class Actions*, 74 EMORY L.J. 1 (2024).

To guard against these concerns, class counsel should identify the *cy pres* recipient and document the appropriateness of that recipient by explaining how that recipient will best further the interests of the class and by confirming that the *cy pres* recipient presents no conflicts of interest. These best practices are confirmed in Section 8 of the Northern District of California Procedural Guidance for Preliminary Approval, which states:

> If the settlement contemplates a cy pres award, the parties should identify their chosen cy pres recipients, if any, and how those recipients are related to the subject matter of the lawsuit and the class members' claims. The parties should also identify any relationship they or their counsel have with the proposed cy pres recipients.

Thus, class counsel's duties to the class extend to identifying a conflict-free *cy pres* recipient who will best use the funds to advance the class's legal interests.

## C. The proposed settlement and supporting documentation do not provide sufficient justification for the identified *cy pres* recipients.

The proposed settlement and supporting documentation do not provide sufficient details to evaluate the selection of the two identified *cy pres* recipients as the next best, conflict-free, recipients of residual class funds. Indeed, no information at all has been provided to document their status as "next best" alternatives to class distribution or to ensure that they are conflict-free recipients.

### 1.    No "next best" showing

The *cy pres* standard is that the recipient should be the "next best" recipient to advance the legal interests of *this* class—namely, the interest of accurate food labeling—with some assurance that the class funds will be used to do so. A cursory review of the entities' mission statements suggests that they do not meet the "next best" standard.

The Resnick Center's website states: "The Resnick Center performs cutting-edge legal research and scholarship in food law and policy to improve health and quality of life for humans and the planet." It appears to focus efforts on "UCLA and UC communities," including UCLA Law students and "local communities." A review of the research produced by the Center includes research on slaughterhouses, economically motivated food adulteration, and food equity. Meanwhile, the Tufts Friedman School appears primarily to serve Tufts students through teaching and general nutrition and health science through research. My cursory review could find no connection between the school and the claims of nutrition mislabeling at stake in this case.

Organizations with missions so much broader than the class interests in this case are highly unlikely to satisfy the "next best" standard, at least absent more justification from Class Counsel. *See* Dodson & Grundfest, *supra*, at 20–24 (discussing the problems of distributing funds to distantly related organizations). *Cf., e.g.*, Order Denying Mot. re Cy Pres Awardees (ECF 134), *Nathanson v. Polycom, Inc.*, No. 4:13-CV-03476 (N.D. Cal.) (rejecting Bay Area Legal Aid Society and the Center for Judicial Studies at Duke Law School because they would not advance the interests of the class, and directing class counsel to "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members").

One way to alleviate this concern with respect to broadly pitched organizations is for the organization to file a declaration pledging to use any *cy pres* funds received in this case specifically to advance the interests of this class regarding food-label accuracy. Such pledges have been made before in cases in the Northern District. For example, the settlement agreement filed by Lieff Cabraser in *Katz-Lacabe v. Oracle*, No. 3:22-cv-04792-RS (N.D. Cal.) (Seeborg, J.), provides as follows:

> 3.4 Cy Pres Reporting. Each Eligible Organization(s) shall agree that, if approved by the Court, it shall provide a report to the Parties within one hundred eighty (180) days following first receipt of cy pres funds and on a periodic basis not to exceed one hundred eighty (180) days thereafter, describing how it has used any cy pres funds and how it intends to use any remaining funds. Class Counsel shall be responsible for ensuring that such reports are posted on the Settlement Website.

Were this Court to approve any broadly pitched organization as the "next best" recipient of the class's residual funds, the Court should order it to produce, and order Class Counsel to file or post, reports documenting its use of the funds to advance the interests of this class.

### 2.    No attestation of the absence of conflicts

At least one of the proposed *cy pres* recipients, the Resnick Center, appears to have some conflicts of interest. Jack Fitzgerald, the lead class counsel in this case, indicates on his bio that he spoke at the International Food Law Conference. Some quick research turns up the conference flyer attached to this objection as Exhibit A. The conference appears to have been a major two-day conference in San Francisco in 2020. Speaking at such a conference was surely a professional, and possibly a personal, benefit. One of the program co-chairs of the conference was Michael T. Roberts, then (and still) executive director of the Resnick Center. If Mr. Roberts played a role in inviting Mr. Fitzgerald to speak at the conference, perhaps using conference funds to pay for his travel and lodging, a conflict of interest would be apparent if Mr. Fitzgerald then steers *cy pres* funds to the Resnick Center. To guard against that appearance, the Resnick Center should not be approved as a *cy pres* recipient unless no other unconflicted organization can advance the class's interests.

I have not been able to find any obvious conflict between counsel or the parties in this case and the Tufts Friedman School. However, it is Class Counsel's burden to show the absence of any disabling conflicts. Class Counsel has not yet done so. The Tufts Friedman School therefore should not be approved as a *cy pres* recipient until Class Counsel does.

### Fixing the Problem

My objection is modest and easily fixable, without derailing the proposed settlement, in any one of three ways.

First, Class Counsel could supply declarations to the Court, prior to final approval, that justify approval of these proposed *cy pres* recipients.

Second, the parties could, through declarations, disavow distribution those recipients and, instead, propose new recipients at an appropriate time, and in compliance with the Northern District's Procedural Guidance.

Third, the Court could disapprove of those recipients at the final approval hearing.

Respectfully,

Scott Dodson

APPENDIX A

# 5th Annual Conference *Live!*
# FOOD LAW



## Navigating the Intersection Between Regulation & Litigation

## March 2-3, 2020 • BASF Conference Center • San Francisco

Dear Colleague:

Please join us for the 5th Annual Food Law Conference, this year in San Francisco. Enjoy an all-new program exploring the intersection of regulation and litigation.



5 Years!
2016-2020

Network with your colleagues from around the country and hear from some of the biggest names in the industry on a variety of topics including:

- **Food Regulation and Litigation**
- **Regulatory Issues for Food Companies**
- **Sugar and Environmental Marketing Claims**
- **General Counsel Roundtable**
- **Non-Governmental Organization (NGO) Perspectives**
- **The Reasonable Consumer**
- **Recent Class Certification Decisions**
- **Views from the US Food and Drug Administration (FDA)**
- **Perspectives on Food Law and the Constitution**
- **State Law Regulations and Litigation**
- **Pulling It All Together: A Menu of Public and Private Regulation**
  **... and more!**

If you have any involvement in the food industry, this is a conference you don't want to miss! We look forward to seeing you in March.

Sincerely,



**Sascha Henry, Esq.**
**Program Co-Chair**
Sheppard Mullin
Los Angeles, CA



**Michael R. Reese, Esq.**
**Program Co-Chair**
Reese
New York, NY



**Michael T. Roberts**
**Program Co-Chair**
**Executive Director**
Resnick Center for Food Law
and Policy, UCLA School of
Law, Los Angeles, CA

Sascha Henry is a partner at Sheppard Mullin where she heads the firm's Food and Beverage Industry Team. Ms. Henry has defended food and beverage companies in putative class actions against allegations of consumer deception relating to ingredients, food origin, pricing, slack fill, sustainability and other allegations of consumer deception.

Michael R. Reese is the founder of Reese LLP. Mr. Reese and his firm have served as class counsel and been responsible for the removal of trans-fat from popular consumer products; changes to labeling and marketing; and reimbursements of tens of millions of dollars to consumers. He is a respected lecturer, author on food law, and an adjunct professor at Brooklyn Law.

Michael T. Roberts is the founding Executive Director of the Resnick Center for Food Law and Policy at UCLA School of Law. He wrote the first major treatise on food law, *Food Law in the United States*, published by Cambridge University Press. He is also a co-editor of a new casebook, *Food Law: Cases and Materials*, published by Wolters Kluwer.

REGISTER NOW! cle.com/**FoodLaw** or (800) 873-7130

## CONFERENCE LOCATION & HOTEL ACCOMMODATIONS



### Bar Association of San Francisco (BASF) Conference Center
301 Battery Street
San Francisco, CA 94111

The BASF Conference Center in the Bentley Reserve building is centrally located in the Financial District, adjacent to the Embarcadero Center, and is a 5-10 minute walk from the Montgomery and Embarcadero BART stations.

### Hotel Reservations
**Le Méridien San Francisco**
333 Battery Street
San Francisco, CA 94111
Reservations: (866) 837 4184
Group Code: Food Law Conference

Le Méridien San Francisco is a luxury hotel located in the heart of San Francisco's Financial District. The hotel offers a truly unique experience in every one of its stylish guest rooms and suites. Glance through floor to ceiling windows and marvel at the remarkable San Francisco skyline and unparalleled views of San Francisco Bay.

SCHEDULE AND INFORMATION **INSIDE**➔

## MONDAY, MARCH 2

**8:00** Registration and Continental Breakfast

**8:30** **Introduction and Welcome**
Overview of Day One
**Sascha Henry, Esq., Program Co-Chair**
Sheppard Mullin, Los Angeles, CA
**Michael R. Reese, Esq., Program Co-Chair**
Reese, New York, NY
**Michael T. Roberts, Esq., Program Co-Chair, Executive Director**
Resnick Center for Food Law and Policy, UCLA School of Law
Los Angeles, CA

**8:45** **Food Regulation and Litigation**
Perspectives on the Relationship Between the Two
**Michael T. Roberts, Esq., Program Co-Chair**

**9:30** **Regulatory Issues for Food Companies**
Navigating the Void
**Laura Protzmann, Esq., Deputy General Counsel**
KIND, New York, NY
**Michele Simon, Esq., MPH, Executive Director**
Plant Based Foods Association, Oakland, CA

**10:15** Networking Break

**10:30** **Litigation Case Studies I**
Credence Claims - Sugar
**Sarah Brew, Esq.**
Faegre Baker Daniels, Minneapolis, MN
**Jack Fitzgerald, Esq.**
The Law Office of Jack Fitzgerald, San Diego, CA
**Timothy Snail, Vice President**
Charles River Associates, Boston, MA
*Moderator:* **Christopher Van Gundy, Esq.**
Sheppard Mullin, San Francisco, CA

**11:45** Lunch Sponsored by CRA Charles River Associates

**12:45** **Litigation Case Studies II**
Environmental Marketing Claims
**Dale Giali, Esq.,** Mayer Brown, Los Angeles, CA
**Michael R. Reese, Esq., Program Co-Chair**

**1:45** **Ethics**
Regulatory Perspectives
**Miriam Guggenheim, Esq.,** Covington & Burling, Washington, DC

**2:45** Networking Break

**3:00** **General Counsel Roundtable**
Industry Views of Regulatory Compliance and Litigation
**Monica Johnson, Esq., General Counsel**
Darigold, Seattle, WA
**Lori Marco, Esq., Senior Vice President of External Affairs and General Counsel,** Hormel Foods, Rochester, MN
**Tom O'Brien, Esq., Senior Vice President and General Counsel**
Driscoll's, Watsonville, CA
**William Sawyers, Esq., Senior Vice President and General Counsel**
Del Monte Foods, Mill Valley, CA
*Moderator:* **Sascha Henry, Esq., Program Co-Chair**

**4:30** **NGO Perspectives**
Litigation and Regulation: Tools for Change
**Amanda Howell, Esq., Staff Attorney**
Animal Legal Defense Fund, Cotati, CA
**Lisa Mankofsky, Esq., Litigation Director**
Center for Science in the Public Interest, Washington, DC
**David Muraskin, Esq., Food Project Senior Attorney**
Public Justice, Washington, DC

**5:30** Adjourn to Private Networking Reception Sponsored by:
AG ANGEION GROUP
*Changing the Rules*

## TUESDAY, MARCH 3

**8:00** Registration and Continental Breakfast

**8:30** **Welcome Back**
Overview of Day Two
**Sascha Henry, Esq., Program Co-Chair**
**Michael R. Reese, Esq., Program Co-Chair**
**Michael T. Roberts, Esq., Program Co-Chair**

**8:45** **The Reasonable Consumer**
An Interactive Debate
*For the Plaintiffs:*
**Ben Heikali, Esq.**
Faruqi & Faruqi, Los Angeles, CA
**Gillian L. Wade, Esq.**
Milstein, Jackson, Fairchild & Wade, Los Angeles, CA
*For the Defendants:*
**David Biderman, Esq.**
Perkins Coie, San Francisco, CA
**Angela M. Spivey, Esq.**
Alston & Bird, Atlanta, GA
*Moderator:* **Michael R. Reese, Esq., Program Co-Chair**

**9:45** Networking Break

**10:00** **Featured Presentation**
Views from the FDA
**Laura Eichhorn Kurpad, Esq., Associate Chief Counsel**
US Food and Drug Administration, San Francisco, CA

**11:00** **Litigation Case Studies III**
Recent Class Certification Decisions
**Carlos F. Ramirez, Esq.**
Reese, New York, NY
**Kate T. Spelman, Esq.**
Jenner & Block, Los Angeles, CA

**12:00** Lunch Break (on your own)

**1:15** **Regulation Through Litigation**
Constitutional Issues in Food Law
**Sabrina Adler, Esq., Senior Staff Attorney and Program Director**
ChangeLab Solutions, San Francisco, CA
**Stephen Sugarman, Esq.**
**Roger J. Traynor Professor of Law**
UC Berkeley School of Law, Berkeley, CA

**2:15** **State Law**
Regulations and Litigation
**Sarah Esmaili, Esq.**
Arnold & Porter, San Francisco, CA
**Diana Winters, Assistant Director**
Resnick Center for Food Law and Policy, UCLA School of Law
Los Angeles, CA

**3:00** **Pulling It All Together**
An Interactive Discussion of Public and Private Regulation
**Maia Kats, Esq.**
Kaplan Fox & Kilsheimer, Washington, DC
**Rita Mansuryan, Esq.**
Faegre Baker Daniels, Los Angeles, CA
**Bobby Pouya, Esq.**
Pearson Simon & Warshaw, Los Angeles, CA
**Christopher Van Gundy, Esq.**
*Moderator:* **Michael T. Roberts, Esq., Program Co-Chair**

**4:00** Evaluations and Adjourn

**Earn up to 12 Hours MCLE Credit
Including One Hour of Ethics**

REGISTER NOW! cle.com/FoodLaw or (800) 873-7130

MEET YOUR DISTINGUISHED FACULTY          PROGRAM ATTORNEY: Stephanie Christensen, stephanie@cle.com

## PROGRAM CO-CHAIRS


**Sascha Henry, Esq.**
**Program Co-Chair**
Sheppard Mullin, Los Angeles, CA


**Michael R. Reese, Esq.**
**Program Co-Chair**
Reese, New York, NY


**Michael T. Roberts, Esq.**
**Program Co-Chair**
**Executive Director**
Resnick Center for Food Law and
Policy, UCLA School of Law
Los Angeles, CA

## FEATURED PRESENTER


**Laura Eichhorn Kurpad, Esq.**
**Associate Chief Counsel**
US Food and Drug Administration
San Francisco, CA

## SPEAKERS

**Sabrina Adler, Esq.**
**Senior Staff Attorney and Program Director**
ChangeLab Solutions, San Francisco, CA

**David Biderman, Esq.**
Perkins Coie, San Francisco, CA

**Sarah Brew, Esq.**
Faegre Baker Daniels, Minneapolis, MN

**Sarah Esmaili, Esq.**
Arnold & Porter, San Francisco, CA

**Jack Fitzgerald, Esq.**
The Law Office of Jack Fitzgerald, San Diego, CA

**Dale Giali, Esq.,** Mayer Brown, Los Angeles, CA

**Miriam Guggenheim, Esq.**
Covington & Burling, Washington, DC

**Ben Heikali, Esq.,** Faruqi & Faruqi, Los Angeles, CA

**Amanda Howell, Esq., Staff Attorney**
Animal Legal Defense Fund, Cotati, CA

**Monica Johnson, Esq., General Counsel**
Darigold, Seattle, WA

**Maia Kats, Esq.**
Kaplan Fox & Kilsheimer, Washington, DC

**Lisa Mankofsky, Esq., Litigation Director**
Center for Science in the Public Interest
Washington, DC

**Rita Mansuryan, Esq.**
Faegre Baker Daniels, Los Angeles, CA

**Lori Marco, Esq., Senior Vice President of
External Affairs and General Counsel**
Hormel Foods, Rochester, MN

**David Muraskin, Esq., Food Project Senior Attorney**
Public Justice, Washington, DC

**Tom O'Brien, Esq.**
**Senior Vice President and General Counsel**
Driscoll's, Watsonville, CA

**Bobby Pouya, Esq.**
Pearson Simon & Warshaw, Los Angeles, CA

**Laura Protzmann, Esq., Deputy General Counsel**
KIND, New York, NY

**Carlos F. Ramirez, Esq.**
Reese, New York, NY

**William Sawyers, Esq.**
**Senior Vice President and General Counsel**
Del Monte Foods, Mill Valley, CA

**Michele Simon, Esq., MPH, Executive Director**
Plant Based Foods Association, Oakland, CA

**Timothy Snail, Vice President**
Charles River Associates, Boston, MA

**Kate T. Spelman, Esq.**
Jenner & Block, Los Angeles, CA

**Angela M. Spivey, Esq.**
Alston & Bird, Atlanta, GA

**Stephen Sugarman, Esq.**
Roger J. Traynor Professor of Law
UC Berkeley School of Law, Berkeley, CA

**Christopher Van Gundy, Esq.**
Sheppard Mullin, San Francisco, CA

**Gillian L. Wade, Esq.**
Milstein, Jackson, Fairchild & Wade
Los Angeles, CA

**Diana Winters, Assistant Director**
Resnick Center for Food Law and Policy, UCLA
School of Law, Los Angeles, CA

---

**3 EASY WAYS TO REGISTER**

 **1** cle.com/FoodLaw

 **2** **PHONE**
(800) 873-7130

 **3** **MAIL**
7995 East Prentice Avenue
Suite 200
Greenwood Village, CO 80111

---

**YES!** Please register the following:

Name_____

Email_____
PLEASE PRINT

Name_____

Email_____
PLEASE PRINT

Name_____

Email_____
PLEASE PRINT

Firm_____

Address_____

City_____

State_____Zip+4_____

Phone_____Fax_____

## Cancellation

Full tuition refunds (less a $75 administrative charge) will be given only if notice of cancellation is received at least seven days prior to the Conference. Substitutions may be made at any time.

Course Materials provided in electronic format only.
**Tuition – Same price as last year! Includes Course Materials.**

❑ $895 per person
❑ $795 each for 2 or more
❑ $695 each for 5 or more

Government or Nonprofit:

❑ $795 per person
❑ $695 each for 2 or more
❑ $595 each for 5 or more

**Audio Home Study – available after the Conference**
❑ $895 Audio Transcript and Course Materials

**Course Materials Only – available after the Conference**
❑ $250

**Payment**
Check payable to CLE International $_____ or charge my:

❑ VISA ❑ MASTERCARD ❑ AMEX   Expiration Date:_____

Cardholder Name _____

Card No. _____

Signature _____

©2020 CLE INTERNATIONAL SFOFDL20

---

REGISTER NOW! **cle.com/FoodLaw** or (800) 873-7130

# FOOD LAW
## Navigating the Intersection Between Regulation & Litigation



## March 2-3, 2020 • BASF Conference Center • San Francisco



5th Annual Conference *Live!* in San Francisco

Earn up to 12 Hours MCLE Credit
Including One Hour of Ethics

REGISTER NOW! **cle.com/FoodLaw** or (800) 873-7130

5th Annual Conference *Live!*
# FOOD LAW
## Advising & Advocating Effectively



## March 2-3, 2020 • BASF Conference Center • San Francisco

### Featured Presentation: Views from the FDA



**Laura Eichhorn Kurpad, Esq., Associate Chief Counsel**
US Food and Drug Administration, San Francisco, CA

Laura Eichhorn Kurpad has been an attorney for the US Food and Drug Administration since 2010, handling food labeling and food safety work ranging from implementing regulations to reviewing pre-enforcement actions. This past year, she co-taught Food and Drug Law at UC Hastings College of the Law. Prior to joining the FDA, Ms. Kurpad clerked for the Hon. Faith S. Hochberg of the US District Court for the District of New Jersey and also did a fellowship at LegalHealth, a division of the New York Legal Assistance Group.

### Featuring experts from:
- Animal Legal Defense Fund
- ChangeLab Solutions
- Charles River Associates
- Center for Science in the Public Interest
- Darigold
- Del Monte Foods
- Driscoll's
- Hormel Foods
- KIND
- Plant Based Foods Association
- Public Justice
- UC Berkeley School of Law
- US Food and Drug Administration
- UCLA School of Law
  ... and leading law firms!

Monday Lunch sponsored by:



Monday Evening Reception sponsored by:



REGISTER NOW! **cle.com/FoodLaw** or (800) 873-7130