# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MILAN and ELIZABETH ARNOLD on behalf of themselves, those similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CLIF BAR & COMPANY,<br><br>Defendant. | Case No. 18-cv-02354-JD<br><br>**DECLARATION OF JORDAN TURNER REGARDING CLAIM DEFICIENCY PROCESS AND UPDATED CLAIM ANALYSIS** |

I, Jordan Turner, declare as follows:

1. I am a Project Manager for Postlethwaite & Netterville ("P&N")[1], a full-service administration firm providing legal administration services, including the design, development, and implementation of unbiased complex legal notification programs.

2. In the *Declaration of Brandon Schwartz Regarding Notice Plan Implementation and Settlement Administration* (Dkt. 268-2) filed on October 31, 2024, P&N detailed the implementation of the Notice Plan and Settlement Administration. In the *Supplemental Declaration of Brandon Schwartz Regarding Notice Plan Implementation and Settlement Administration* (Dkt. 274) filed on November 13, 2024, P&N reported on the efforts to obtain Class Member data from Kroger and Walmart to effectuate Direct Notice and provided an update to Claim activity. The Court held the Final Approval Hearing on November 14, 2024, and the Court ordered the claims period to extend through February 1, 2025. In the *Second Supplemental Declaration of Brandon Schwartz Regarding Notice Plan Implementation and Settlement Administration* (Dkt. 277-2) filed on February 12, 2025, P&N reported on the additional notice implemented and provided an update to claims activity. I submit this declaration to report on the implementation of notice for deficient claims and provide an update to claims analysis.

### Claim Form Submissions

3. In the *Second Supplemental Declaration of Brandon Schwartz Regarding Notice Plan Implementation and Settlement Administration* (Dkt. 277-2), P&N detailed the categorization of all Claims into the following four distinct tiers: duplicate, household duplicate, suspected fraud, and high confidence fraud. P&N provided that email notice would be sent to household duplicate and suspected fraud claimants to cure their defect.

4. P&N identified 101,449 household duplicate claims from the total Claim submissions received. P&N performed an email hygiene and verification process designed to protect the integrity of the email campaign and maximize deliverability. That process included deduplication, syntax validation, misspelled domain detection and correction, domain validation, and risk validation. Email addresses for 65,807 Claimants passed the hygiene and verification process. In sending the email notice, P&N followed

---

[1] As of May 21, 2023, the Directors & employees of Postlethwaite & Netterville (P&N), APAC joined EisnerAmper as EAG Gulf Coast, LLC.

1. standard email best practices, including utilizing "unsubscribe" links and the Settlement Administrator contact information. Beginning on February 24, 2025 and ending on February 26, 2025, P&N caused the notice to be sent via email to the 65,807 deliverable email addresses for household duplicate Claimants ("Claim Deficiency Notice"). Ultimately, the Claim Deficiency Notice was successfully delivered to 62,995 email addresses, or 95.73% deliverability.

5. The Claim Deficiency Notice informs the Claimant that their claim cannot be approved as submitted and sets forth instructions should the Claimant wish to cure the deficiency. The instructions provided at least 21 days from the date the Claim Deficiency Notice was emailed to the Claimant to cure the deficiency.

6. Beginning on March 10, 2025 and ending on March 12, 2025, P&N sent reminder Claim Deficiency Notices via email to 64,770 Claimants who had not yet submitted a response to cure their claim defect. The reminder Claim Deficiency Notice campaign included a second attempt to send notice to the undeliverable emails in the initial notice. The deadline to cure any household duplicate deficiency is March 19, 2025. A copy of the Claim Deficiency Notice is attached as Exhibit A.

7. P&N identified 493,687 suspected fraud claims from the total Claim submissions received. P&N performed an email hygiene and verification process designed to protect the integrity of the email campaign and maximize deliverability. That process included deduplication, syntax validation, misspelled domain detection and correction, domain validation, and risk validation. Email addresses for 374,288 Claimants passed the hygiene and verification process. In sending the email notice, P&N followed standard email best practices, including utilizing "unsubscribe" links and the Settlement Administrator contact information. Beginning on February 24, 2025 and ending on February 26, 2025, P&N caused the notice to be sent via email to the 374,288 deliverable email addresses for suspected fraud Claimants ("Claim Verification Notice"). Ultimately, the Claim Verification Notice was successfully delivered to 372,781 email addresses, or 99.6% deliverability.

8. The Claim Verification Notice informs the Claimant that their claim requires further verification and sets forth instructions for the Claimant to complete their claim verification. The instructions provided at least 21 days from the date the Claim Verification Notice was emailed to the Claimant to complete the claim verification process.

9. Beginning on March 10, 2025 and ending on March 12, 2025, P&N sent reminder Claim Verification Notices via email to 363,994 Claimants who had not yet submitted a response to complete their claim verification. The reminder Claim Verification Notice campaign included a second attempt to send notice to the undeliverable emails in the initial notice. The deadline to complete the claim verification process is March 19, 2025. A copy of the Claim Verification Notice is attached as Exhibit B.

10. As of March 18, 2025, P&N has received approximately 30,971 responses from Claimants that received either a Claim Deficiency Notice or Claim Verification Notice, 13,431 of which have been approved. P&N will continue to analyze responses received, as well as any additional timely responses submitted by the March 19, 2025 deadline.

11. Table 1 below provides updated summary statistics of Claim submissions and current dispositions. As of March 18, 2025, P&N has received 520,006 valid Claim submissions (representing a claims rate of **7.03%** of the estimated 7.4 million member Class). Of these, 400,380 valid Claimants (77.00%) have elected to receive a digital payment.

**Table 1**

| Claims Statistics Summary (as of March 18, 2025) | |
|---|---|
| **Description** | **Volume (#)** |
| Non-Documented Claims Received | 6,243,054 |
| Documented Claims Received | 92,455 |
| **Total Claims Received** | **6,335,509** |
| (-) Duplicate Claims | 70,978 |
| (-) Household Duplicate Claims | 101,275 |
| (-) Invalid Claims: Suspected Fraud | 480,430 |
| (-) Invalid Claims: High Confidence Fraud | 5,162,820 |
| **Net Valid Claims Received** | **520,006** |

**Settlement Fund Summary**

12. If the Court awards the requested attorneys' fees, costs, incentive awards, and administrative costs, the Settlement Class recovery amount will be $6,758,914.75 as shown in Table 2 below.

Table 2

| Settlement Fund Summary (as of March 18, 2025) | |
|---|---|
| **Total Settlement Fund** | **$12,000,000.00** |
| (-) Attorney's Fees & Expenses | $4,444,651.00 |
| (-) Service Awards | $10,000.00 |
| (-) P&N Admin Fees | $786,434.25 |
| **Net Settlement Fund Available for Pro Rata** | **$6,758,914.75** |

13. The Settlement Agreement provides that valid Claims, whether or not Proof of Purchase is provided, would initially (before any necessary *pro rata* adjustment) be awarded an allocation of $5.00 for up to 30 Class Products purchased, $10.00 for 31 to 60 Class Products purchased, and $15.00 for more than 60 Class Products purchased. Additionally, the Settlement Agreement provides that valid Claims with Proof of Purchase would initially be awarded an allocation of $15.00 for the first 60 Class Products plus $0.25 for each additional Class Product up to a maximum recovery of $50.00.

14. The total value of approved Claims currently exceeds the funds available for distribution to Class Members; therefore, cash awards are expected to be decreased *pro rata*. After *pro rata* adjustment, the current allocation of Class Products is estimated to be $3.90 for up to 30 Class Products purchased, $7.80 for 31 to 60 Class Products purchased, and $11.40 for more than 60 Class Products purchased; and Claims with Proof of Purchase, $11.40 for the first 60 Class Products plus $0.21 for each additional Class Product. As of March 18, 2025, P&N anticipates an overall average payment of $12.96. The highest payment is estimated to be $40.80. Table 3 below provides a summary of the award allocation as of March 18, 2025.

Table 3

| Award Allocation Summary (as of March 18, 2025) | | |
|---|---|---|
| **Description** | **Claim Volume (#)** | **Amount ($)** |
| Up to 30 Bars | 37,102 | $144,697.80 |
| Between 31 – 60 Bars | 42,798 | $333,824.40 |
| More than 60 Bars (No Documentation) | 393,388 | $4,484,623.20 |
| More than 60 Bars (Documentation) | 46,718 | $1,777,738.62 |
| **Total[2]** | **520,006** | **$6,740,884.02** |

---

[2] The variance from the net settlement fund available for *pro rata* is due to the rounding of the cash awards to the nearest penny.

**Certification**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 18th day of March 2025 in Houston, Texas.

*[signature: Jordan Turner]*

———————————————
Jordan Turner

Exhibit A: Claim Deficiency Notice

Subject: Ralph Milan et al. v. Clif Bar & Co.: Claim Deficiency Notice
Preheader: Claim Deficiency Notice
From: Bars Class Action Administrator notice@pnclassaction.com
Reply-To: info@barsclassaction.com
To: Test@email.com

**Settlement Claim ID: ABC-1234567**

## Claim Deficiency Notice

Dear Claimant,

You submitted a claim relating to the Settlement, *Ralph Milan et al. v. Clif Bar & Co*. Upon review of your claim and any supporting documentation submitted, we have determined that your claim is deficient and cannot be approved as submitted.

**In order to be considered eligible, you must cure each deficiency noted below with a response and/or any required supporting documentation by March 19, 2025.** You can submit responses and/or supporting documentation to the Settlement Administrator on the Settlement Website, HERE, or by mail at:

Bars Class Action Administrator
PO Box 671
Baton Rouge, LA 70821

Should you choose to mail information to the Settlement Administrator, it must be postmarked by **March 19, 2025**.

**Reason for Deficiency:**

Our records indicate that more than one Class Member has submitted a Claim Form using the same mailing address. As stated in the settlement agreement, "A maximum of one Claim Form may be submitted for each household" (¶ 4.7). A copy of the settlement agreement can be found on the Settlement Website, www.BarsClassAction.com.

**To cure the above deficiency, please provide (1) sufficient documentation verifying separate purchases of original Clif Bar or Clif Kid ZBar product(s) by all claimants at the shared address or (2) provide a statement signed by the other person(s) at your address that indicates he or she intends to withdraw the claim to the shared original Clif Bar or Clif Kid ZBar product(s), verifying that you are the sole claimant for the household.**

**You will not receive additional notice about the deficiencies of your claim.**

If you fail to correct all deficiencies listed above or do not provide all documentation requested before **March 19, 2025**, part of your claim may be determined to be ineligible or denied completely. **Additionally, the Settlement Administrator will use the Claim Form with the highest estimated Cash Payment to replace (supersede) all other filed Claim Forms from the address provided.**

If you have any questions or issues, please call 1-844-537-1156 or send an email to info@BarsClassAction.com for further assistance. For information about this case, please visit the case website at www.BarsClassAction.com.

Sincerely,
*Bars Class Action Administrator*

Unsubscribe - Unsubscribe Preferences

Exhibit B: Claim Verification Notice

Subject: Ralph Milan et al. v. Clif Bar & Co.: Claim Verification Notice
Preheader: Claim Verification Notice
From: Bars Class Action Administrator notice@pnclassaction.com
Reply-To: info@barsclassaction.com
To: Test@email.com

**Settlement Claim ID: ABC-1234567**

# Claim Verification Notice

Dear Claimant,

The claim that you submitted in connection with the *Ralph Milan et al. v. Clif Bar & Co.,* class action settlement requires further verification. **If you do not verify your claim as described in this email, you will not be paid. To complete your claim verification, you are required to provide documentation verifying your name and address.**

**You must complete the claim verification process on the Settlement Website HERE by no later than March 19, 2025.** You will also be required to provide your Settlement Claim ID, first and last name, and email address.

**A document verifying your name and address should be uploaded to the Settlement Website, HERE, no later than March 19, 2025.** Examples of acceptable documentation include: Photo or government issued ID, utility bill, credit card or bank statement, vehicle registration, insurance card, lease agreement, or mortgage statement. You may mark out any information that is not relevant to your claim verification prior to providing your documentation.

**Failure to respond or to verify your claim by March 19, 2025, or if you provide an incomplete response, will result in the rejection of your claim.** Completion of the verification process does not guarantee payment of your claim.

You may address questions regarding this notice by sending an email to info@BarsClassAction.com. For additional information about the Settlement, please visit the case website at www.BarsClassAction.com.

Sincerely,
*Bars Class Action Administrator*

**PLEASE NOTE: The information you provide will be used solely for the purpose of the claims administration process for this matter, and will not be used for any other purpose.** Personally Identifiable Information (PII) is stored in a combination of paper and electronic files and is protected by security measures appropriate to the nature of the information. PII is retained to the extent required to fulfill our obligations as outlined in orders of the Court, and will be destroyed at the conclusion of the case.

Unsubscribe - Unsubscribe Preferences