IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RALPH MILAN and ELIZABETH ARNOLD on behalf of themselves, those similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CLIF BAR & COMPANY,<br><br>Defendant. | Case No. 18-cv-02354-JD<br><br><u>CLASS ACTION</u><br><br>**ORDER RE FINAL APPROVAL AND ATTORNEY'S FEES AND COSTS** |

The Court granted preliminary approval of a proposed classwide settlement. Dkt. No. 261. Final approval is now granted. This order is based on a proposed order lodged by the parties and modified by the Court's findings and practices. The parties are advised to read the order carefully, particularly with respect to the determination of attorney's fees and costs, a 25% hold-back on fees, and "service awards" to the named plaintiffs.

1. The Court has jurisdiction over the subject matter of this action, and all Parties to the action for purposes of settlement, including all Settlement Class Members.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following Settlement Class for settlement purposes only:

> All persons who, during the "Class Period" as defined in Section 2.13 of the Settlement Agreement, purchased in the United States, for household use and not for resale or distribution, original Clif Bars in packaging bearing the phrase "Nutrition for Sustained Energy," and Clif Kid ZBars in packaging bearing the Challenged Claims (as identified in the Complaint in the Action).[1]

3. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds Plaintiffs Ralph Milan and Elizabeth Arnold are members of the Settlement Class, their claims are typical of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout their involvement in this action. Ralph Milan and Elizabeth Arnold are appointed as Class Representatives for the Settlement Class.

4. The Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the claims alleged in the Class Action Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

5. Fitzgerald Monroe Flynn PC is appointed as Class Counsel to represent the Class Members.

---

[1] Excluded from the Settlement Class are: (a) Clif Bar's board members or executive-level officers including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court's staff; and (d) any person that timely and properly excluded himself or herself from the Settlement Class.

-1-

6. Persons excluded from the Settlement Class because they filed valid Requests for Exclusion ("Opt-Outs") are identified in Exhibit J to the Declaration of Brandon Schwartz submitted in support of the motion for final approval. *See* Dkt. Nos. 268-2, 268-3. Class Members who filed timely, completed Opt-Outs are not bound by this Order and the accompanying Final Judgment or the terms of the Settlement Agreement, and may pursue their own individual remedies against Defendant. Such persons are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement Agreement.

7. The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Long-form Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the Settlement Class.

8. The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and all other persons seeking to comment on the proposed Settlement Agreement. In addition, the Court has considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement Agreement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the

ability of Defendant to withstand a greater judgment; and (8) the reasonableness of the relief provided by the Settlement Agreement in light of the best possible recovery.

10. The terms and provisions of the Settlement Agreement are the product of arm's length negotiations. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

11. All Class Members who have not timely and validly opted out are Class Members who are bound by this Order and accompanying Final Judgment and by the terms of the Settlement Agreement.

12. Nothing in the Settlement Agreement, this Order, the accompanying Final Judgment, or the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

13. With respect to attorney's fees and costs, counsel for plaintiffs have requested a 30% share of the $12,000,000 settlement for the class. Dkt. No. 278. After reviewing the billing records, which claim more than 9,500 hours spent by attorneys on this case, and considering the record as a whole and the settlement approved for the class, a 30% cut is too high.

As the docket demonstrates, this case was far from smooth sailing for plaintiffs. Among other adverse events, the Court disapproved an initial request to certify classes. Dkt. No. 149. The Court also disapproved the initial request for preliminary approval of a classwide settlement for many substantive concerns. Dkt. Nos. 232, 234. Overall, a good argument can be made that the 9,500-plus attorney hours for this case was substantially too much, especially in light of these shortfalls by the lawyers asking to be paid. A material number of additional hours needed to be billed to fix these problems.

The result of counsel's work for the class was reasonable and has been approved, but was not a spectacular outcome. A $12,000,000 settlement for a national class that bought popular snacks over a multi-year period cannot be said to be a bell-ringing result. It certainly need not be to obtain the Court's approval, but it ought to be close to that to ask for a 30% fees award over the usual 25% guideline. The injunctive relief with respect to product labels that Clif agreed to has some value,

-3-

but not so much as to change the contours of the discussion of fees. Consequently, the Court awards 25% of the settlement amount, which is $3,000,000, in fees to Class Counsel.

A 25% portion of the fees, which is $750,000, is held back and may not be paid to or withdrawn from the settlement fund pending further order. The Court will consider the release of the hold-back after plaintiffs file a post-distribution account pursuant to the Procedural Guidance for Class Action Settlements adopted in this District.

14. With respect to costs, the Court previously expressed concern about inflated and unnecessary costs in a prior hearing. *See* Dkt. No. 275. Counsel for plaintiffs represent that they reduced their costs request accordingly. Dkt. No. 278-1 ¶ 10. On the basis of that representation, the Court approves an award of costs in the amount of $844,651.00

15. The "service award" requests of $5,000 each for Ralph Milan and Elizabeth Arnold, are denied. The Court has written in other cases on the need to avoid "service awards" that result in class members being treated inequitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). The proposed payments to Milan and Arnold massively outweigh the expected average payment of $13.32 to less-favored class members. *See* Dkt. No. 277-2 ¶ 18. Nothing in the record provides evidence of substantial work or contributions by Milan and Arnold that might warrant such a disparity in recovery. Even so, some consideration for service as named plaintiffs is appropriate. Milan and Arnold are awarded $1,500 each for that role.

16. The Court approves the Resnick Center for Food Law and Policy at the University of California, Los Angeles, School of Law, the National Food Museum, and the National Consumers League as the designated *cy pres* recipients of any monies (if any) remaining after the negotiation period of the Cash Payments in accordance with the Agreement.

17. The Court dismisses with prejudice this action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

18. Pursuant to the Northern District of California's Procedural Guidance for Class Actions, within twenty-one (21) days after the distribution of the settlement funds, the Parties shall file a Post-Distribution Accounting detailing when cash payments were sent to Class Members, the number of Class Members who were sent payments, the total amount of payments paid out to Class

-4-

Members, the average and median recovery per Class Member, the largest and smallest amounts of cash payments paid to Class Members, the number and value of cashed and uncashed checks, the amount distributed to any *cy pres* recipient, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

19. Without affecting the finality of this Order and the Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

20. The Parties and the Settlement Administrator are directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, as modified by this order with respect to attorney's fees and costs, and service awards. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Order and the Final Judgment; and (ii) do not limit the rights of the Settlement Class.

**IT IS SO ORDERED.**

Dated: March 21, 2025

JAMES DONATO
UNITED STATES DISTRICT JUDGE